## KEELER v. TATNELL.

1. Dower is a right in real property, which cannot be released or conveyed by parol by force of the statute of frauds.
2. A plea in dower, that demandant had, by a parol agreement, accepted and received a sum of money in satisfaction of her dower, is bad.

This was an action of dower *unde nihil habet*. The defendant pleaded—1. That demandant had by parol sold him her right of dower for $200, which money had been paid to and received by her. 2. Accord and satisfaction by the payment of $200 to her, and the receipt thereof by her in full satisfaction of her *right* of dower. To these pleas there was a demurrer, and the issue was on the demurrer.

Argued before RANDOLPH and OGDEN, Justices.

*Hopper*, for demandant; *A. S. Pennington*, for defendant.

RANDOLPH, J. Both pleas in this case are bad; they set forth in substance a parol agreement by demandant with one Peter P. Brown, a former owner of the premises, by which he agreed to purchase demandant's right of dower for two hundred dollars, to be paid in eight annual payments, and the subsequent payment and receipt of the money in full satisfaction of dower; also the payment of two hundred dollars by said Peter P. Brown, owner, &c., before the commencement of this suit, and the acceptance thereof in full satisfaction by the demandant of her dower. Dower is an interest in lands for the period of the widow's life, and can only be released or discharged under the statute of frauds by some instrument in writing. So the point was strictly ruled in *White* v. *White*, 1 *Harr*. 202. How far a court of equity may decree a specific performance, where there has been a parol accord and satisfaction and part performance, it is not necessary to determine here. The most a court of law can do is, in case of a judgment by default, to permit the payments under such an agreement to be given in evidence in mitigation of damages, according to the suggestion of several of the judges in *Woodruff* v. *Brown*, 2 *Harr*. 246. The judgment must be for the plaintiff, with costs.

OGDEN, J., concurred.

Judgment for demandant.

CITED in *McLaughlin* v. *McLaughlin*, 5 *C. E. Gr.* 194.